IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| United States of America,<br><br>    v.<br><br>George Allen Bullard,<br><br>        Defendant. | Cr. No. 4:98-432-CMC<br><br>**Opinion and Order** |

Defendant, proceeding *pro se*, seeks relief in this court pursuant to 28 U.S.C. § 2255. ECF No. 34. The Government filed a response in opposition and a motion for summary judgment. ECF No. 41, 42. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Defendant of the summary judgment procedure and the consequences if he failed to respond. ECF No. 43. Defendant filed no response to the Government's motion for summary judgment and the time for doing so has passed. This matter is now ripe for resolution.

**I.  Background**

Defendant was indicted for one count of carjacking resulting in death, in violation of 18 U.S.C. § 2119(3). ECF No. 1, 22.[1] On July 16, 1999, Defendant entered into a written plea agreement. ECF No. 23. On July 21, 1999, Defendant appeared before the court and entered a guilty plea to a lesser included offense of carjacking resulting in serious bodily injury, a violation of 18 U.S.C. § 2119(2).

---

[1] Defendant was first indicted on April 8, 1998, with a superseding indictment entered on May 5, 1999.

A Pre-Sentence Report (PSR) assessed a base offense level of 20 for the violation of § 2119(2). ECF No. 32. However, as stipulated in the plea agreement, the cross-reference for murder was applied as a special offense characteristic, raising the offense level to 43. Defendant received a three level adjustment for acceptance of responsibility, reducing his total offense level to 40. Defendant was not determined to be an armed career criminal or a career offender. Defendant's guideline range was calculated as 360 months to life; however, due to the statutory maximum, the guideline range became 300 months.

At sentencing on November 12, 1999, the court sentenced Defendant to 300 months imprisonment and a five year term of supervised release. ECF No. 25. Defendant did not appeal his conviction or sentence.

**II.** *Johnson* **and** *Welch*

On June 26, 2015, the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA") violates due process as it "denies fair notice to defendants and invites arbitrary enforcement by judges." *Johnson v. United States*, 576 U.S. at __, 135 S. Ct. 2551 (2015). By holding the residual clause unconstitutionally vague, the Court narrowed the predicate offenses that could serve to enhance a sentence to those in the enumerated or force clauses. The residual clause can no longer support a defendant's classification as an armed career criminal.

On April 18, 2016, the Supreme Court decided *Welch v. United States*, 578 U.S. __, 136 S. Ct. 1257 (2016), which held that the newly established right recognized in *Johnson* is retroactive to cases on collateral review.

2

### III. Discussion

Defendant argues that his sentence should be "dismiss[ed] or vacate[ed] or correct[ed]" in light of the *Johnson* decision. ECF No. 34. This § 2255 motion was filed on July 12, 2016. The Government argues that the deadline for filing a § 2255 motion based on Johnson was June 27, 2016. *See* ECF No. 41. Further, the Government argues that Defendant's § 2255 motion should be dismissed as without legal basis as *Johnson* does not apply to his case.

First, *Johnson* and its progeny have no effect on the statute regarding carjacking or the murder cross-reference of the sentencing guidelines. As discussed above, *Johnson* serves to invalidate a portion of the definition of "violent felony" in the ACCA. While some courts have applied *Johnson's* reasoning beyond the ACCA, for example to the residual clause of the career offender portion of the sentencing guidelines or to the residual clause in § 924(c), there is simply no like reasoning that would invalidate the statute under which Defendant was convicted or the specific guideline enhancements applied to his case. Defendant fails to point to authority applying *Johnson* to this statute or any of the enhancements at issue, or to explain how the vagueness doctrine affects them. Neither the statute nor the guideline enhancements contain a residual clause that could be held unconstitutionally vague; instead, they clearly lay out which actions are criminalized by the statute or subject to enhancement under the guidelines. Therefore, *Johnson* cannot serve to invalidate the sentence received by Defendant.

Second, Defendant's motion is untimely. A 1-year period of limitation applies to motions under § 2255.

> The limitation period shall run from the latest of--
> (1) the date on which the judgment of conviction becomes final;

3

>  (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>  (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review . . . ."

28 U.S.C. § 2255(f)(1)-(3). Timeliness under § 2255(f)(3) depends on whether *Johnson* applied to Defendant's conviction. If *Johnson*, made retroactive by *Welch*, applied, then Defendant could potentially utilize the statute of limitations in § 2255(f)(3). However, if *Johnson* did not apply to Defendant's conviction, then his § 2255 motion is untimely, as it was filed over a year after his conviction became final. The court has determined that Defendant does not have a valid *Johnson* claim because the *Johnson* decision did not impact the statute under which he was convicted or the enhancements he received. Therefore, his motion under § 2255 is untimely, as it does not meet the requirements of § 2255(f)(3).[2]

**IV.    Conclusion**

Defendant's challenge to his sentence fails because the *Johnson* reasoning does not apply to his statute of conviction or guideline sentencing enhancements. In addition, Defendant's motion is untimely. Accordingly, Defendant's § 2255 motion is hereby **denied**.

### CERTIFICATE OF APPEALABILITY

The governing law provides that:

---

[2] The Government argues that Defendant's motion would be untimely even if § 2255(f)(3) applied, as he failed to file by the June 27, 2016 deadline. However, the docket shows that Defendant filed a § 2244 petition with the Fourth Circuit on June 27, 2016. This was denied as unnecessary by the Fourth Circuit on July 26, 2016, as Defendant had not filed a previous § 2255 motion. Ultimately, the court need not decide whether Defendant's § 2255 motion was timely under § 2255(f)(3), as it has determined that Defendant does not have a *Johnson* claim.

4

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

**IT IS SO ORDERED**.

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
November 29, 2016